IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THERESA DEVLIN** | : | **Civil Action** |
| 2401 Pennsylvania Avenue, Unit 405 | | |
| Wilmington, DE 19806 | : | |
| v. | : | No. _____ |
| **PENN OAKS GOLF CLUB** | : | |
| 150 Penn Oaks Drive | | |
| West Chester, PA  19382 | : | |

## COMPLAINT

**PARTIES**

1. Plaintiff, THERESA DEVLIN, is an adult individual and a citizen of the State of Delaware with her domicile being at the above captioned address.

2. Defendant, PENN OAKS GOLF CLUB, is a domestic non-profit corporation incorporated in the commonwealth of Pennsylvania with corporate offices located as above captioned.

3. When used herein, unless otherwise set forth, the term Plaintiff shall include all Plaintiffs and the term Defendant shall include all Defendants. The term Defendant shall include all and any agents, servants, employees or workers of the Defendant.

4. Plaintiff reserves the right to amend the complaint to reflect the correct legal identity and/or address of any parties referred to herein.

**JURISDICTION**

5. The jurisdiction of this court is hereby invoked pursuant to United States Code, Title 28, Section 1332, which states that the Federal District Court shall have original jurisdiction over all civil actions wherein the matter in controversy exceeds the sum or value of $ 75,000.00, exclusive of interest and costs, and is between citizens of different states; citizens of the state and

foreign states or citizens and subjects thereof.

6. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000.00. Every issue of law and fact herein is solely between citizens of different states.

**VENUE**

7. Venue is sought in the United States District Court for the Eastern District of Pennsylvania, pursuant to United States Code, Title 28, Sec. 1391, which states that a civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought in the judicial district where the defendant resides or in the case of a corporation or entity is subject to personal jurisdiction.

**FACTS**

8. All relevant facts and occurrences took place inside of the Penn Oaks Golf Club located at 150 Penn Oaks Drive, West Chester, PA.

9. At all times relevant and material to this Complaint, there was a dangerous condition, specifically a tripping hazard. of the Defendant's real estate and or property as described above.

10. At all relevant and material times, Defendants owned, controlled, constructed, maintained, and/or repaired and/or were responsible for maintaining, controlling, constructing and/or repairing said property.

11. The Defendants had actual notice or knowledge of the condition described above, or in the exercise of ordinary care should have had such notice or knowledge, in sufficient time to have taken appropriate and necessary remedial action.

12. Notwithstanding this notice or knowledge, the Defendants negligently failed and neglected to adequately construct, maintain, control, repair and/or to correct or to take adequate, or any,

protective measures to prevent injury to the public and/or foot travelers and/or pedestrians.

13. On or about February 24, 2024, Plaintiff, THERESA DEVLIN, a business invitee/visitor, was walking inside the premises at the above-described location when she encountered the dangerous condition.  As a result of the dangerous condition, she fell with the result that she suffered at least the injuries, damages and losses as are hereinafter set forth.

14. This accident resulted solely due the joint and/or several negligence of the Defendants and/or their agents, servants or employees and was in no way due to any act or failure to act on the part of the Plaintiff.

15. The accident, injuries and damages set forth herein were factually caused by and were the direct and proximate result of the joint and/or several negligence of the Defendants through their servants, agents or employees in at least any or all of the following respects:

    A. In failing to keep the surface or surfaces in a safe condition for persons lawfully using same;

    B. In permitting dangerous conditions to exist on said surface or surfaces, when the Defendants knew or in the exercise of reasonable care should have known the dangers involved;

    C. In failing to warn the Plaintiff of the dangerous conditions;

    D. In failing to remove, cover, blockade, eliminate and/or repair the dangerous and or defective conditions of which the Defendants knew or in the exercise of reasonable care should have known;

    E. In permitting persons, and the Plaintiff, in particular, to traverse the surface or surfaces in question when the Defendants knew or in the exercise of reasonable care should have known that it was dangerous to do so and involved an unreasonable risk of harm to persons so doing;

    F. In failing to notify or warn the Plaintiff of the dangerous and or defective conditions so that the hazard involved could be avoided;

    G. In maintaining or repairing the surface or surfaces in such a manner as to constitute a danger to persons lawfully thereon;

       H. In failing to inspect the surface or surfaces to discover the dangerous condition or in inspecting so carelessly as not to have discovered the conditions;

       I. In failing to make safe the area where the Plaintiff was injured when the Defendants knew or in the exercise of reasonable care should have known it to be in an unsafe condition;

       J. In failing to repair or replace the area where Plaintiff was injured when the Defendants knew or in the exercise of reasonable care should have known it to be in an unsafe condition and/or in repairing or replacing same negligently or improperly;

       K. In failing to exercise that degree of care and regard for the rights and safety of the Plaintiff as was required under the circumstances;

       L. In failing to place signs, blockades, or other instruments of warning or caution in an area where there was a defect in real estate;

       M. In creating the dangerous condition;

       N. In doing repairs at or near the dangerous condition and yet not reporting and or repairing the dangerous condition.

    16. The negligence of the defendants was and is a factual cause of and or the sole and proximate cause of at least the following damages, injuries and or losses of Plaintiff:

       A. Serious injuries, including shoulder fracture, and other serious injuries to the neck, back, and/or other parts of the body, dysfunctions, impairments, serious and permanent impairments of body or bodily functions, pain and trauma to various parts of the body and psyche include, trauma, and or other injuries

       B. Past Medical Expenses

       C. Future Medical Expenses

       D. Past Lost Earnings and Lost Earnings Capacity

       E. Future Loss of Earnings and Lost Earning Capacity

  F.  Past Pain and Suffering

  G.  Future Pain and Suffering

  H.  Past Embarrassment and Humiliation

  I.  Future Embarrassment and Humiliation

  J.  Past Loss of Ability to Enjoy the Pleasures of Life

  K.  Future Loss of Ability to Enjoy the Pleasures of Life

  L.  Disfigurement

  M.  Emotional Distress

  N.  Property Damage

  O.  Incidental Costs.

**WHEREFORE**, Plaintiff brings this action against Defendant to recover damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and cost.

Respectfully submitted,

/s/ Val Pleet Wilson

_____

BY:  VAL PLEET WILSON, ESQUIRE
WILSON AND JOHNSON
ONE SOUTH BROAD STREET, SUITE 1830
PHILADELPHIA, PA 19107
(215) 988-9277

Date:  10/30/24